IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40512
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL VICUNA-VILLEGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-311-1
_____

October 22, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Vicuna-Villegas has appealed the district court's enhancement of his sentence on grounds of obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The district court based its ruling on Vicuna's failure to reveal to the probation officer his prior conviction, under a fictitious name, of having illegally entered the United States; Vicuna is appealing his sentence for illegal reentry after deportation upon a conviction of an aggravated felony.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vicuna contends that the enhancement was improper because he did not actually obstruct or impede the probation officer's preparation of his presentence report (PSR). Section 3C1.1 provides, however, that the enhancement is required if the defendant attempted to obstruct or impede.

"[C]oncealing . . . evidence that is material to an official investigation or judicial proceeding"; and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" are grounds for the enhancement. U.S.S.G. § 3C1.1, comment.(n.3(d),(h)). Evidence, a fact, a statement, or information is "material" if it "would tend to influence or affect the issue under determination," if it were believed. U.S.S.G. § 3C1.1, comment.(n.5). This shows the lack of merit of Vicuna's contention that because the government already was in possession of accurate information, his concealment of his prison conviction was not "material" because it did not influence the probation officer.

Quoting from § 3C1.1, comment.(n.4(c)), Vicuna asserts that the enhancement is improper because "a defendant's providing to a probation officer `incomplete or misleading information, not amounting to a material falsehood,' . . . ordinarily does not call for the . . . enhancement." He argues that the evidence did not show that he had the specific intent to obstruct or impede justice. Vicuna also argues that the record does not show whether his failure to volunteer this information was deliberate or whether it

2

was due to faulty memory or some other innocent cause.

When the court asked Vicuna if he wanted to say something about his prior conviction for illegal entry, he replied, "That I'm very, very sorry because I lied." A fair interpretation of this statement is either that he answered "no" when the probation officer asked if he had any more prior convictions, or that he knowingly withheld from her any information concerning the Hernandez-Garcia conviction.

By using this alias, Vicuna managed to be charged only with the relatively minor § 1325 offense of illegal entry. The final judgment in that case shows that he was prosecuted solely as "Enrique Hernandez-Garcia" and he receive only a 90-day suspended sentence, without probation supervision. By the time that the authorities learned, via a fingerprint check, that the defendant actually was Vicuna, he had been deported.

If the United States Attorney had known that "Hernandez-Garcia" had been deported previously as a result of having been convicted of an aggravated felony, Vicuna would have been charged with illegal reentry as in the case sub judice. Thus, the district court's finding that its knowledge of Vicuna's prior record would affect his sentencing is not clearly erroneous. Accordingly, there is no merit to Vicuna's contention that his false statement (or concealment of material facts) is not related to his conviction of illegal reentry under § 1326(a) & (b)(2).

Moreover, this court has specifically upheld the obstruction

3

enhancement of defendants for their failure to disclose criminal history information to the probation officer.  See <u>United States v. Tello</u>, 9 F.3d 1119, 1122-23 (5th Cir. 1993) (failure to disclose a prior misdemeanor drug conviction and juvenile criminal history); <u>United States v. Paden</u>, 908 F.2d 1229, 1236 (5th Cir. 1990) (enhancement partly based on defendant's concession that he "withheld a portion of his criminal history").

JUDGMENT AFFIRMED.